Gray v. Gray.

---

GRAY *vs.* GRAY, by next friend, &c.

1. An execution for costs cannot issue against the next friend of the complainant in a chancery suit, upon the return of "no property" on an execution against the defendant, without the previous order of the chancellor.

2. Does the statute (Clay's Dig. 316, § 23,) authorising the clerks of the several Circuit and County Courts, &c., upon the return of no property on an execution against the defendant, to issue execution against the plaintiff for the costs, &c., apply to Courts of Chancery?— Quere.

Appeal from the Chancery Court of Lowndes. Tried before the Hon. Jos. W. Lesesne, chancellor.

Stone and Judge, for plaintiff in error :

This case turns on the construction of the statutes—Clay's Dig. p. 316, § 23, and p. 310, § 25—which were enacted in 1826 and '7, while the circuit and chancery courts were one.

The statute empowers *clerks of the circuit courts, clerks of the county courts* and *justices of the peace,* whenever executions are returned "no property found," to issue against the successful party for costs caused by him. Stronger language could not well be employed to convey the idea that all executions then issued by the officers enumerated were intended to be embraced.

If it be necessary, this construction is greatly strengthened when we reflect that the object of the Legislature must have been, to hold those who caused litigation, and consequent la-

46

bor of those officers, responsible to those officers for the costs. Mrs. Gray caused the litigation here.

The *prochein amy* of a feme covert is responsible for costs. Daniel's Ch. Pr. 42 and 96–7, and notes.

BOLING, for defendant:

The common law does not authorise the issuance of an execution against the plaintiff when one against the defendant is returned no property found; but if it did, it would not apply to a case of this kind, where the chancellors and Supreme Court have a discretion in apportioning the cost. In a court of law, the judgment fixes the cost on the unsuccessful party. In a court of chancery the cost may be decreed against the successful party.

The statute to be found in Clay's Digest, 316, § 23, does not apply to courts of chancery. It expressly says clerks of the circuit and county courts and justices of the peace; although the circuit courts then had chancery jurisdiction, yet if it had been intended to apply to chancery causes, the word complainant would have been added after the word plaintiff, and some other word, such as master in equity, would also have appeared somewhere in the statute. There being nothing used showing the statute applies to chancery cases, and that being the only authority for such a practice, the order of the chancellor must be right.

PARSONS, J.—This is an appeal from the Chancery Court of Lowndes county. It appears that Mrs. Gray, by her next friend John M. Cole, filed her bill in chancery for a divorce from her husband Joshua Gray. The chancellor granted the divorce, with costs against the husband. This court reversed the decree in respect of the divorce, but affirmed it as to the costs of the Chancery Court.—Gray v. Gray, 15 Ala. Rep. 779. The register accordingly issued his execution against the husband for the costs, which was returned "no property found;" and the register thereupon issued an execution against Mr. Cole, as next friend of the complainant, for the costs. This last execution was set aside by the chancellor, under an impression that the register was not authorised to issue it by the circumstances of the case, as just stated; and the present appeal is from the order setting the execution aside.

The question depends upon the statute of 1826, which is as follows: "The clerks of the several circuit and county courts, and the justices of the peace in the several counties in this State, are hereby authorised, whenever any sheriff, coroner or constable, shall return on an execution directed to them, or either of them, that the defendant in said execution has no property in his county, out of which he can make the amount of the costs due on said execution, forthwith to issue execution against the plaintiff in said execution for the costs created by the plaintiff in obtaining his judgment and execution; and no costs created by any defendant on the part of the defendant shall be taxed or collected in said execution.—Clay's Digest, 316, § 23. This statute introduces a new practice at law, if not in equity, in permitting an execution in certain cases against a party, without any judgment against that party. We do not decide the question, whether in general, this statute applies to the courts of chancery. But in the present case, the execution issued against the next friend of the complainant, and there is no decree or order of the chancellor against him for the costs. Now, if the statute applies to chancery cases at all, there is a reason why it should not apply to such a case as this; because, if the wife had a separate estate, it might be proper to order the costs to be paid out of it, and thus to relieve the next friend. This results from the principles stated by Sir Wm. Scott, in D'Anquillar v. D'Anquillar, 1 Hazzard's Excl. Rep. 787. He says, "in general the husband is is bound to defray the wife's costs, otherwise the wife would be disarmed and denied justice. The husband has, by the law of this country, all the property, and therefore the wife must have the means of self-defence and of subsistence from him; but when she has a separate fortune the court always considers whether such separate means are sufficient for self-defence and self-subsistence."—See also Wood v. Wood, 2 Paige's Rep. 108. In such cases, the husband even will be relieved of her costs, and her next friend much more readily; for we could easily cite authorities, if necessary, to show that the courts are inclined, whenever they can, to favor the next friends of infants and femes covert, where they have acted in good faith. It is possible, at least, in any case, that a feme covert may have a separate fortune. It is proba-

ble, under our recent statutes, that this will be so generally true, before many years, as to change the presumption of law. It may soon be the legal presumption in this State that every feme covert has a separate estate. Be this as it may, they are already capable of holding separate fortunes, and if it had been or should be shown in the present case that Mrs. Gray has an estate of her own, the chancellor would take the necessary measures to have the costs paid out of it. For this reason we think that the statute does not apply to this case, because we think that no execution for the costs should issue against the next friend, except in pursuance of an order or decree of the chancellor. In such case the statute is not equivalent to a decree—whether or not it is so in any chancery case, we do not now decide. The order of the chancellor setting aside the execution is therefore affirmed.